**In re Robert G. BAKER, Debtor.**

**Robert G. BAKER, Plaintiff,**

v.

**Richard KRAUSS, et al., Defendants.**

**Bankruptcy No. 82–1–0254.
Adv. No. 82–0228.**

United States Bankruptcy Court,
D. Maryland.

Aug. 10, 1982.

Frank D. Kirby, for Robert G. Baker, plaintiff.

Seymour Pollack, pro se, requesting intervenor.

Richard Lubeley, Woodbridge, Va., Robert H. Rosenbaum, Riverdale, Md., for Virginia Nat. Bank and Thomas L. Wilson, defendants.

Harrison Pledger, McLean, Va., and Austin Canfield, Washington, D.C., for Sea Sea and Co., Inc., and Richard Krauss and Ernest Baker, defendants.

Joel Savits, John Coyne, Rockville, Md., for Raymond J. Diaz, and Lawrence W. Phelps, defendants.

Brian R. Seeber, Washington, D.C., Trustee in Bankruptcy for Robert G. Baker.

## MEMORANDUM OPINION

PAUL MANNES, Bankruptcy Judge.

The court has reviewed the Motion to Intervene filed by Seymour Pollack and has determined that intervention is neither proper nor necessary in this case.

First, the Motion to Intervene is procedurally deficient in that it fails to conform with Rule 24(c) of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 724.

(c) *Procedure.* A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. . . .

This Motion to Intervene was accompanied by a pleading called Intervenor's Opposition to Motion for Transfer of Proceedings. This document does not set forth a claim or defense that relates to the underlying substance of this complaint.

Further, however, even if the Motion were procedurally proper, it is deficient in substance. The movant seeks to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure which provides:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating

to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The movant claims that as a creditor of the debtor, his interests will be prejudiced if the ultimate outcome of this case is unfavorable to the debtor. This is certainly true. Nevertheless, he is adequately represented in this matter by the trustee of the bankruptcy estate as well as by the debtor. The trustee has not abandoned his interest in this lawsuit and he acts on behalf of the estate, which is, naturally, also on behalf of the creditors. Here, there is not a problem as there might be if the party in the case has no legal bond to the would-be-intervenor. The trustee has a legal duty to the creditors and the intervenor has made no showing that he is not being represented properly. This case is most similar to *Heyman v. Exchange National Bank,* 615 F.2d 1190 (7th Cir. 1980). In that case, the Seventh Circuit upheld the trial court's determination that a creditor had no right to intervene in a suit to recover assets because he failed to carry the heavy burden of demonstrating inadequate representation by the trustee, *Id.* at 1194.

The movant is not without remedy here and, should he wish his views to be heard, he can file a brief *amicus curiae.* This circuit has, at times, approved that as an alternate form of relief. *Wooten v. Moore,* 42 F.R.D. 236 (E.D.N.C. 1967). *See also British Airways Bd. v. Port Authority,* 71 F.R.D. 583 (S.D.N.Y. 1976). For the foregoing reasons, the Motion to Intervene filed by Sidney Pollack will be denied. An order will be entered in accordance with these findings.

## ORDER REMANDING ADVERSARY PROCEEDING

This matter came on for hearing on the various motions for transfer and on the motion for remand.

Remand of this matter to the United States District Court is appropriate. Under 28 U.S.C. § 1471(d), this court has wide discretion to abstain from exercising jurisdiction over an adversary proceeding. Here, there is a case under way in the United States District Court for the District of Maryland involving the same subject matter as the case at issue.

Remand is particularly appropriate in light of the recent Supreme Court decision in the case of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The final paragraph of the plurality opinion states:

> The judgment of the District Court is affirmed. However, we stay our judgment until October 4, 1982. This limited stay will afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws. See *Buckley v. Valeo,* 424 U.S. 1, 143 [98 S.Ct. 612, 693, 46 L.Ed.2d 659] (1976); cf. *Georgia v. United States,* 411 U.S. 526, 541 [93 S.Ct. 1702, 1711, 36 L.Ed.2d 472] (1973); *Fortson v. Morris,* 385 U.S. 231, 235 [87 S.Ct. 446, 449, 17 L.Ed.2d 330] (1966); *Maryland Comm. v. Tawes,* 377 U.S. 656, 675–676 [84 S.Ct. 1429, 1439–1440, 12 L.Ed.2d 595] (1964).

*Id.* —— U.S. at ——, 102 S.Ct. at 2880. The Supreme Court stayed the judgment, thereby directing the bankruptcy courts to continue their functions. After October 4, 1982, however, the status of this court's jurisdiction is uncertain. A matter of this magnitude will certainly not be resolved before that date. No purpose would be served by interrupting proceedings in progress in the District Court with the further chance that this court might be divested of jurisdiction at a later stage. Because this matter will be remanded, it would be presumptuous for this court to reach the issues presented by the various motions requesting transfer of this case. Those mo-

tions, along with all other issues in the case are best resolved by one court, the United States District Court for the District of Maryland. It is, therefore, this 10th day of August, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That this case be, and hereby is, remanded to the United States District Court for the District of Maryland.