**In re William A. DeLAP, Debtor.**

**Lawrence J. KAISER, Trustee, Plaintiff,**

v.

**NAMEKAGON MUTUAL TOWN INSURANCE COMPANY, Defendant.**

**Bankruptcy No. EF7–81–00796. Adv. No. 82–0229.**

United States Bankruptcy Court, W.D. Wisconsin.

Aug. 6, 1984.

Eugene D. Harrington, Spooner, Wis., for First Agency, Inc.

Thomas G. Kissack, Lawton & Kissack, Spooner, Wis., for defendant.

Lawrence J. Kaiser, Kaiser & Strebe, Eau Claire, Wis., for trustee.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDERS (1) GRANTING MOTION TO INTERVENE AND (2) REGARDING DISCOVERY AND TRIAL

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The First Agency, Inc., by Attorney Eugene D. Harrington, having filed a motion for intervention in the above captioned adversary proceeding; and a hearing having been held; and the Movant appearing by counsel; and Defendant Namekagon Mutual Town Insurance Company appearing by Attorney Thomas G. Kissack of Lawton and Kissack, to oppose said motion; and Plaintiff Lawrence J. Kaiser, Trustee, appearing on his own behalf; the Court, having considered the arguments of counsel and the complete record and file herein, FINDS THAT:

1. On September 9, 1982, Trustee-Attorney Lawrence J. Kaiser commenced this adversary proceeding to avoid a preferential transfer under 11 U.S.C. sec. 547.

2. The Trustee's Complaint alleged that, within 90 days of the bankruptcy petition, Debtor William DeLap signed a $25,000 note and a corresponding mortgage to Defendant Namekagon Mutual Town Insurance Company (Namekagon) for, or on account of, an antecedent debt.

3. The Trustee conducted informal discovery and satisfied himself that the Namekagon note and mortgage were executed contemporaneously with the Debtor's admission of embezzlement from Namekagon.

4. Subsequent legal research convinced the Trustee that the only reasonably discoverable case on point is *In re Iowa Premium Service Co., Inc.*, 676 F.2d 1220 (8th Cir.1982). And that said case supports the position of the defendant that the debt in question was not antecedent.

5. Accordingly, the Trustee entered into a stipulation with Namekagon to dismiss the above captioned adversary proceeding. Said stipulation was filed with this Court on July 20, 1984.

6. This Court finds that, in light of the economic resources available to him,[1] the Trustee adequately represented the interests of the bankruptcy estate.

7. The Claims Register for the above captioned bankruptcy proceeding shows a total of four claiming creditors:

| Party | Amount | Claimed Status |
|---|---|---|
| Glenn A. Johnson (as president of the First Agency, Inc.) | $38,605.70 | Unsecured |
| Namekagon | 28,994.52 | Secured |
| Rusk County Town Mutual | 994.35 | None |
| Hayward Medical | 420.00 | Unsecured |

8. The First Agency, Inc. (First), was the sole petitioner to request the commencement of the above captioned involuntary bankruptcy proceedings.

1. The Debtor, who died on May 11, 1982, filed no schedules in this involuntary proceeding. On April 7, 1983, the Trustee reported that he had received no money or property during the

9. First has actively monitored the above captioned adversary proceeding.

*Discussion*

10. First has filed a motion to intervene in the above captioned adversary proceeding.

11. Intervention in adversary proceedings is governed by Fed.R.Bankr.P. 7024. Fed.R.Bankr.P. 7024 is conterminous with Fed.R.Civ.P. 24.

12. *Intervention of Right.* Under Fed.R.Civ.P. 24(a)(2), a prospective party may intervene of right when:

(a) the applicant files in a timely fashion,

(b) the applicant claims an interest relating to the property *sub judice,*

(c) the matter before the court may impair the applicant's ability to protect said interest, and

(d) the applicant's interest is not adequately represented by existing parties.

13. In regard to the fourth element of Rule 24(a)(2) intervention, First "has a heavy burden to show inadequacy of representation by the Trustee in bankruptcy". *Heyman v. Exchange Nat. Bank of Chicago,* 615 F.2d 1190, 1194 (7th Cir.1980) (Act case); *In re Baker,* 22 B.R. 791, 793 (Bankr.D.Md.1982) (Code case).

14. As this Court specifically finds that, under the circumstances, the Trustee adequately represented the bankruptcy estate—*i.e.,* the creditors, *id.*—there is no need to consider additional elements necessary for intervention of right.

15. *Permissive Intervention.* Under Fed.R.Civ.P. 24(b), the court may allow a prospective party to intervene when:

(a) the applicant files in a timely fashion,

(b) the applicant's claim and the main action are in common, and

(c) the court has considered the potential for undue delay or prejudice to the original parties.

administration of the bankruptcy estate. *Cf. generally* 11 U.S.C. secs. 330, 503(b)(2), 507 & 726 (Trustee and his attorneys compensated from the estate).

16. As soon as First learned that its interests would no longer be protected by the Trustee, it moved to intervene. Accordingly, the motion to intervene was timely. *See United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423 (1977). Indeed, an earlier motion would have been premature. *Cf.* paragraph 13 *supra.*

17. Because the acts of the Trustee bind estate creditors, the commonality required for permissive intervention is present. *Arizona v. California,* 460 U.S. 605, 614, 103 S.Ct. 1382, 1389, 75 L.Ed.2d 318, 330 (1983).

18. The financial and temporal cost of continuing the above captioned adversary proceedings will act to delay and prejudice of Namekagon. But, will said delay and prejudice be undue?

19. "There is a well-established public policy favoring hearing cases on the merits". *Webber v. Eye Corp.,* 721 F.2d 1067, 1071 (7th Cir.1983). Thus, cost of litigation—without more—can not be undue prejudice.

20. To say that the Trustee's stipulation to dismiss was reasonable, *see* paragraph 6 *supra,* is not to say that his cause of action is now without merit—this Court is not blind to the economic factors which can affect a plaintiff's determination to abandon prosecution of an adversary proceeding.

21. After a review of the record and file in this case the Court can not conclude that First would be unable to assert a valid preference claim.[2]

22. Given this Court's power to ensure prompt adjudication of this adversary proceeding, *see generally* Fed.R.Bankr.P. 7016, First's motion to intervene to continue the prosecution of a nonfrivolous cause of action will not act to unduly delay or prejudice the Trustee or Namekagon.

---

**2.** For example, this Court is not bound to follow the Eighth Circuit Court of Appeals decision in *Iowa Premium,* paragraph 4 *supra.* *See generally* 32 Am.Jur.2d *Federal Practice and Procedure*

## CONCLUSIONS OF LAW

1. The First Agency, Inc., should be permitted to intervene in the above-captioned adversary proceeding.

2. An appropriate order should be entered to ensure the prompt resolution of said adversary proceeding.

## ORDER

IT IS ORDERED THAT the motion of The First Agency, Inc., to intervene in Adversary Proceeding Number 82-0229 be, and the same hereby is, GRANTED, without costs;

IT IS FURTHER ORDERED THAT all parties to said adversary proceeding shall complete discovery within 60 days of this Order; and that a trial, if necessary, shall be held within 90 days of this Order.

sec. 353 (1982) (opinions of other circuits are entitled to great respect but are not binding on Courts of Appeals).