In re CCB BES, INC., fka McLean Clinic, P.C., Debtor.

John MITCHELL, Trustee, Plaintiff,

v.

Daniel K. BILLMEYER, Joseph L. Emerich, Jack L. Chitty, Rudolph B. Stevens, dba BECS Enterprises, Defendants.

John MITCHELL, Trustee, Plaintiff,

v.

Rodney CONNOR, Defendant.

John MITCHELL, Trustee, Plaintiff,

v.

Rudolph B. STEVENS, Defendant.

John MITCHELL, Trustee, Plaintiff,

v.

Lee T. CORDOVA, Defendant.

John MITCHELL, Trustee, Plaintiff,

v.

Jack L. CHITTY, Defendant.

John MITCHELL, Trustee, Plaintiff,

v.

Daniel K. BILLMEYER, Defendant.

Bankruptcy No. 389–34026–P7. Adv. Nos. 91–3463 to 91–3467 and 91–3489.

United States District Court, D. Oregon.

Sept. 3, 1992.

**220**

Bradley O. Baker, Dunn, Carney, Allen, Higgins & Tongue, Portland, Or., for plaintiff John Mitchell, trustee.

John C. Caldwell, Hibbard, Caldwell, Bowerman & Schultz, Oregon City, Or., for defendants.

David R. Kluge, Portland, Or., for appellant Nat. Management Services, Inc.

## OPINION AND ORDER

FRYE, District Judge:

The appellant, National Management Services, Inc. (NMS), brings this appeal challenging rulings by the United States Bankruptcy Court in approving the motion of the trustee in bankruptcy (the trustee) to authorize settlement of preference claims. In the matter before the court, the trustee moves to dismiss the appeal of NMS contending that NMS does not have standing to bring the appeal because it is a creditor and not a party to the adversary proceedings before the bankruptcy court.

NMS was not a party to the adversary proceedings in the bankruptcy court. However, as a creditor, NMS received notice of the intent of the trustee to compromise and settle preference claims. NMS filed a written objection to the proposed settlement and participated in hearings before the bankruptcy court. The bankruptcy court overruled the objections of NMS. NMS thereafter filed this appeal.

■ Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have standing to appeal that order. *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442–43 (9th Cir.1983). An order of the bankruptcy court which disposes of assets from which a claimant seeks to be paid is an order that directly and adversely affects that claimant if the proceeding involves competing claims to a limited fund. *See Salomon v. Logan (In re International Environmental Dynamics, Inc.)*, 718 F.2d 322, 326 (9th Cir.1983).

■ The trustee contends that under *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136 (1st Cir.1992), NMS lacks standing to appeal the decision of the bankruptcy court. In *In re Thompson*, the United States Court of Appeals for the First Circuit held:

Absent a compelling showing that the chapter 7 trustee failed or refused to perform a fiduciary duty imposed by the Bankruptcy Code, once the trustee arrives at an informed judgment that further prosecution of an objection to a proof of claim would be unavailing or counterproductive to the chapter 7 estate, the chapter 7 debtor and an individual unsecured creditor are without appellate standing to challenge a bankruptcy court order approving a compromise or settlement of the claim-related litigation.

*Id.* at 1148. If the court applies *In re Thompson*, the appeal of NMS must be dismissed for lack of standing. However, the court finds that the Ninth Circuit would more likely than not rule differently. While the bankruptcy court is afforded con-

siderable deference in approving an application to compromise, *see Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380 (9th Cir.1986) (bankruptcy court's order approving the trustee's application to compromise reviewed for an abuse of discretion), a creditor that seeks payment from a fund from which a compromise will be paid has standing to appeal the order approving a compromise. *See In re International Environmental Dynamics, Inc.*, 718 F.2d at 326. Accordingly, NMS has standing to bring this appeal.

The motion of the trustee to dismiss the appeal of NMS is DENIED.

IT IS SO ORDERED.