LAURA TAYLOR SWAIN, United States District Judge
Before the Court is the Motion of Official Committee of Unsecured Creditors for Leave to Intervene in the above-captioned adversary proceeding. (Docket entry no. 37 (the "Motion").) The Court has considered carefully all of the submissions in connection with the Motion and the arguments presented at the August 9, 2017, Omnibus Hearing. For the reasons stated on the record at the Omnibus Hearing, and for *290 the reasons that follow, the Motion is denied.
Federal Rule of Civil Procedure 24, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7024, governs intervention. The UCC asserts that it has a statutory right to intervene under Title 11, Section 1109(b), of the United States Code, which provides that a "party in interest," including a "creditor's committee," may "appear and be heard on any issue in a case under this chapter." Assuming without deciding that this adversary proceedings is indeed a "case" within the meaning of Section 1109(b), the right to appear and be heard is not a statutory right to intervene, as the Court of Appeals for the First Circuit observed in In re Thompson, writing that " 11 U.S.C. § 1109(b), which provides that 'a party in interest, including the debtor, the trustee and a creditor, may raise and may appear and be heard on any issue in a case under chapter 11,' does not afford a right to intervene under Rule 24(a)(1), even though such 'parties in interest' enjoy the general right to 'monitor' the progress of the chapter 11 case." 965 F.2d 1136, at 1142 n.8 (1st Cir. 1992) (internal modifications omitted). The UCC therefore has not shown that it has a statutory right to intervene.[2]
The UCC has also not shown that it would be appropriate to grant permissive intervention pursuant to Rule 24(b), because the UCC has not identified with particularity any common question of law or fact that it shares with this adversary proceeding. Additionally, permitting intervention by the UCC would unduly prejudice the existing parties by substantially expanding the scope of the litigation. Accordingly, the Court declines to grant permissive intervention.
Finally, the UCC proposed, in its reply submission and at the Omnibus Hearing, a form of limited participation in the adversary proceeding, which would allow the UCC to appear and participate in certain aspects of the proceedings. This proposal is also foreclosed by the First Circuit's opinion in In re Thompson, which holds that "nonparty participation in an adversary proceeding is dependent on intervention." 965 F.2d at 1141. Thus, absent a proper basis to intervene under Rule 24, the UCC is not entitled to participate in the adversary proceeding in even the limited formal fashion it has proposed.
The Motion is therefore denied it its entirety. This Memorandum Opinion and Order resolves docket entry no. 37.
SO ORDERED.

The UCC first argued that it had a right to intervene under Rule 24(a)(2) in its reply submission to the instant motion, which argument is procedurally improper and will therefore not be considered by the Court.