**William K. TELL, et al., Plaintiffs, Appellants,**

v.

**TRUSTEES OF DARTMOUTH COLLEGE, Defendant, Appellee.**

No. 97–2098.

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1998.

Decided May 29, 1998.

W. Wright Danenbarger with whom Thomas W. Aylesworth and Wiggin & Nourie, P.A. were on brief, for appellants.

Sean M. Gorman, Associate College Counsel, Dartmouth College, for appellee. ·

Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.

BOUDIN, Circuit Judge.

This suit was brought in the federal district court by William Tell and six other alumni of Dartmouth College against the Trustees of Dartmouth College (the corporate name of Dartmouth College). Appellants claimed to represent Dartmouth's alumni as a class and challenged certain changes in the arrangements for the election of trustees.· The district court dismissed the case for lack of an indispensable party, and this appeal followed.

Because the district court did not reach the merits, a condensed version of the dispute will suffice. Under an 1891 understanding between Dartmouth and its alumni—which appellants claim to have been a contract—the alumni effectively choose a certain number of the trustees; the Dartmouth College Alumni Association, an unincorporated association comprising all Dartmouth alumni, conducts an election if there is any contest among nominees. Prior to 1990, this process was used to fill both a trustee's initial term and any subsequent terms.

In or about 1990, Dartmouth's Board of Trustees and the Alumni Association modified this arrangement in one respect: it was agreed that the Board of Trustees would have the power to reseat a trustee, originally chosen by the alumni, for an additional term without obtaining the alumni's further approval. The Alumni Association amended its constitution in September 1990 to reflect this change. Some of the alumni, of whom the appellants are examples, fiercely oppose the change as a surrender of the alumni's power.

Appellants brought suit in state court, arguing that the change in the Alumni Association's constitution was unlawful. The case was dismissed, and the appeal was declined by the New Hampshire Supreme Court. Appellants then brought the present suit against the Trustees in federal district court. The suit alleges that the Board of Trustees violated its fiduciary duties and its contractual obligations under the 1891 agreement by modifying alumni rights as to the election of trustees. There were additional claims of breach of fiduciary duty largely ancillary to the main challenge.

On motion by the Board of Trustees, the district court dismissed the case, without prejudice, under Fed.R.Civ.P. 19. It held that the Alumni Association was a necessary party under Rule 19(a); that it could not be joined without undermining diversity (the original basis for federal jurisdiction); and that without the Alumni Association, the action could not proceed "in equity and good conscience ... among the parties before [the court]" and should therefore be dismissed, "the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).

■ There is apparently some difference among the circuits as to standard of review of decisions as to necessary joinder under Rule 19(a). Compare, e.g., Keweenaw Bay Indian Community v. Michigan, 11 F.3d 1341, 1346 (6th Cir.1993), with Hellebust v. Brownback, 42 F.3d 1331, 1335 (10th Cir. 1994). Normally, abstract issues of law are reviewed de novo, and judicial findings of fact for·clear error. See Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 446 (1st Cir.1997). The dispute, if any, is usually about the extent to which the reviewing court should defer to the district judge's application of a general standard ("prejudice," "equity") to specific facts. Strictly speaking, this is an issue of law, but one where the appeals courts often give the trial judge latitude,[1] but not always. See, e.g., Ornelas v. United States, 517 .U.S. 690, 699–700, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

■ If it mattered, ·this panel would be inclined to apply an abuse of discretion standard to such application-of-law decisions un-

---

1. The reason is apparent: the application issue, turning on specific facts, will not recur in identical form and the district judge is closer to the facts, may actually have heard evidence, and has a comparative advantage over a reviewing court.

See e.g., Roland M. v. Concord Sch. Comm., 910 F.2d 983, 990 (1st Cir.1990), cert. denied, 499 U.S. 912, 111 S.Ct. 1122, 113 L.Ed.2d 230 (1991); cf. Koon v. United States, 518 U.S. 81, 98–99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

der Rule 19(a). *See Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 635 (1st Cir.1989) (applying this standard in the Rule 19(b) context). However, the outcome would be the same even if we decided the application issues afresh. The district court has lucidly explained why the Alumni Association is an indispensable party, and we affirm primarily on the basis of the district court's decision, adding these further comments to address specific points raised by appellants.

First, appellants say that the Alumni Association has been silent and therefore cannot be a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence" may have the prejudicial effect described in Rule 19(a). But "claims an interest" in this context means nothing more than appears to have such an interest.[2] The situation would be different if the allegedly necessary party disclaimed an interest. *See Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir.), *cert. denied,* 464 U.S. 849, 104 S.Ct. 156, 78 L.Ed.2d 144 (1983).

Appellants next say that the Alumni Association was not a "party" to the 1891 understanding and is therefore unaffected by a determination as to rights under the alleged contract. The district court said that the Alumni Association was a party to the 1891 understanding, but we need not resolve the issue. It is enough that the Alumni Association has long administered contested elections under the 1891 understanding, has changed its constitution to conform to the 1990 modification, and would assuredly have to alter its conduct and its constitution if appellants showed that the modification was unlawful.

■ Appellants next urge that even if the Alumni Association does have an interest in the case, its interest is adequately represented by the Board of Trustees. If an absent party's interests are the same as those of an existing party, and the existing party will adequately protect those interests,

this bears on whether the absent party's interest will be impaired by its absence from the litigation. *See Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132, 135 (1st Cir.1989). But without a perfect identify of interests, a court must be very cautious in concluding that a litigant will serve as a proxy for an absent party. *See* 4 R.D. Freer, *Moore's Federal Practice* § 19.03[3][f], at 19–56 to 19–57 (3d ed.1998).

In this instance, the interests of the Alumni Association and the Board of Trustees were not shown to be precisely the same; indeed, an obvious potential exists for conflict about the binding effect of the 1891 understanding, even if the Alumni Association is content with the *result* in this case. Further, appellants have expressly claimed that the Board of Trustees has dominated and manipulated the Alumni Association in order to enhance the Board of Trustees' power vis-a-vis the Alumni Association, making a claim of identity of interests even less plausible.

Appellants separately challenge the finding that the Alumni Association is "indispensable" or, in terms now used in the rule, "whether in equity and good conscience the action should proceed among the parties before [the court] or should be dismissed . . . ." Fed.R.Civ.P. 19(b). Appellants say *inter alia* that the district court failed to weigh "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id.* But the district court explicitly took note of the fact that appellants had a state court forum—indeed, had already availed themselves of it, at least as to certain of their claims—where lack of diversity is irrelevant.

■ After the district court granted the motion to dismiss, appellants moved for reconsideration, urging that the indispensable party problem could be remedied by resort to the supplemental jurisdiction statute. 28 U.S.C. § 1367. The district court said that the argument had been waived because it came too late but also said that the supple-

---

**2.** In all likelihood, the word "claims" was used by the drafters not to suggest that a necessary party had to come forward—such "parties" are commonly not heard from at all—but to debar any inference that the necessary party had to have a proven interest as opposed to a colorable claim to one.

mental jurisdiction statute would not remedy the problem. We review the refusal of the district court to reconsider under an abuse of discretion standard. *See Aybar v. Crispin–Reyes*, 118 F.3d 10, 13 (1st Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 857, 139 L.Ed.2d 757 (1998).

It is questionable whether the supplemental jurisdiction statute would apply in this case, *see* 28 U.S.C. § 1367(b) (limiting supplemental jurisdiction in certain Rule 19 situations), but we need not resolve the matter. This alternative argument should have been proffered to the district court in response to the Board of Trustees' motion to dismiss for a lack of an indispensable party. Failure to do so waived the argument, *see Clauson v. Smith*, 823 F.2d 660, 666 (1st Cir.1987), and the district court was not obliged to consider it on reconsideration.[3]

*Affirmed.*

See also: 99 F.3d 46.

---

**3.** Appellants also argued on appeal that, even if the Board of Trustees' view of Rule 19 prevailed, appellants' request for an injunction—preventing the Board of Trustees from imposing a general confidentiality requirement on trustees—ought to be severed from the rest of the case and jurisdiction retained because this injunction would not affect the interests of the Alumni Association. This argument should have been presented to the district court, and we decline to consider it.