# United States Court of Appeals
## For the First Circuit

No. 04-2620

LARRY EWERS,

Plaintiff, Appellee,

HOWARD EUGENE LINER; CREDITORS COMMITTEE OF THE
BANKRUPTCY ESTATE OF CHRISTOPHER PATRICK HERON;
AH PING BAN; FLAMECREST ENTERPRISES LIMITED TRUST;
BALZ RUDOLPH WOLFENSBERGER TRUST,

Movants, Appellants,

v.

CHRISTOPHER PATRICK HERON; CORPORATION OF THE
BANKHOUSE, INC.; SOCIETE BANKHOUSE; JAMES F. POMEROY, II,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Lynch, and Lipez,
Circuit Judges.

Alan M. Spiro with whom Edwards & Angell, LLP was on brief,
for Appellee.
Isaac H. Peres for Appellants.

August 11, 2005

**LYNCH**, <u>**Circuit Judge**</u>.    A series of complicated litigations worldwide has several claimants seeking a sum of over $1.6 billion from Christopher Patrick Heron and his associated entities.   Our issue can be stripped to its essence without recounting the details of the drama.

The district court denied a motion to intervene as of right brought by Liner and other claimants in a lawsuit which had been brought in Massachusetts federal court against Heron (and others) by another claimant, Ewers.   The reason given for the purported intervention was that if Ewers received the funds he would pocket them and disappear, to the claimants' detriment.   All of the claimants purport to have an interest in any money recovered from Heron (as does Ewers).   One of the claimants, Liner, admitted he had at one point given Ewers a power of attorney to seek the funds on Liner's behalf, and Ewers argues that under a Compensation Agreement with Liner, Liner agreed to split 50/50 any recovery that Ewers made from Heron on Liner's behalf.   But Liner has said he later cancelled these agreements when Ewers proved to be sneaky and untrustworthy.   Ewers has equally unattractive things to say about Liner.   As for the other claimants, they allege that Ewers entered into an agreement with Alexander Pladott, their representative, to distribute any money recovered from Heron amongst all of the claimants.

The claimants attempted to intervene, some seven months after Ewers had initiated the Massachusetts lawsuit. At that point, the defendant Heron had defaulted, but no final judgment had yet entered.

The district court held a hearing on the motion to intervene, and ascertained the claimants' interest in the case. The court was also told that there were two separate lawsuits pending in Texas, one testing the relative rights between Ewers and Liner under their agreements and the other testing the relative rights of Ewers and the other claimants, as represented by Pladott, to whatever money Ewers recovered from Heron.

Cutting to the chase, the court asked why, if Liner was "concerned that Ewers is going to somehow dissipate these assets, . . . we can't deal with that . . . by making an order that says that there needs to be prior approval of the court of any disbursements of anything that is recovered." To this eminently practical suggestion, the claimants responded in essence that they had a right to intervene under Fed. R. Civ. P. 24(a)(2) and that they were concerned that given what they described as Ewers' propensity to lie, he would secrete any money recovered. The court noted that the Massachusetts suit was virtually over. The claimants' response was that it would not do any harm to let them intervene.

Ewers, in turn, agreed to the proposed order, and said that the claimants were really trying to take over and free ride in the litigation, which he had fully funded. He also said that the claimants' motion was interfering with his effort to get a judgment. Ewers finally argued that the motion to intervene was not timely and that allowing intervention would prejudice him.

The court, noting that it seemed to be in the interests of the claimants and Ewers to actually collect a judgment as soon as possible, and then to let the question of appropriate shares be decided in Texas, denied the motion to intervene. It also entered this order:

> Counsel shall submit a form of default judgment against all existing defendants that shall include a clause prohibiting plaintiff from disbursing any funds collected without notice to the proposed intervenors and approv[al] by the court.

That default judgment was never entered. The parties tell us this is because the claimants took this appeal. The appeal is without merit.

The legal standards are familiar. Denials of intervention of right are subject to interlocutory appeal. Rhode Island v. United States EPA, 378 F.3d 19, 26 (1st Cir. 2004). Our review of denial of intervention is only for abuse of discretion, with closer review when the intervention is of right. Int'l Paper Co. v. Town of Jay, 887 F.2d 338, 344 (1st Cir. 1989); see also

<u>Maine</u> v. <u>Dir., United States Fish & Wildlife Serv.</u>, 262 F.3d 13, 17 (1st Cir. 2001).

One way to show such an abuse of discretion is to show that the district court ignored the four pertinent legal criteria that one must meet in order to intervene under Fed. R. Civ. P. 24(a)(2):

> (1) the party must claim an interest in the property; (2) disposition of the case without intervention, would, as a practical matter, impair or impede the party's ability to protect that interest; (3) the party's interest is inadequately represented by the existing parties; and (4) the motion for intervention is timely made.

<u>United States</u> v. <u>116 Emerson St.</u>, 942 F.2d 74, 77 (1st Cir. 1991) (internal quotation marks and alteration omitted). The transcript of the hearing on the motion to intervene shows the district court adhered to the criteria.

Another way to show abuse of discretion is to show the court was just wrong -- it committed clear error in the facts it found or was entirely unreasonable in its judgment about applying the four criteria to the facts. This doctrine gives the claimants no assistance here.

The motion to intervene was inherently weak on all four grounds. Nonetheless, the district court fashioned an admirable order protecting the claimants should there be mischief, thus efficiently accomplishing much of what the claimants sought. An

-5-

eminently wise order is not an abuse of discretion.  The district court order denying intervention is **<u>affirmed</u>**.

Costs are allowed to Ewers.