Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 07-1898

PAT V. COSTA,

Plaintiff, Appellant,

v.

MAROTTA, GUND, BUDD & DZERA, LLC, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

Pat V. Costa on brief pro se.
Michael D. Sirota and Cole, Schotz, Meisel, Forman & Leonard, P.A., on brief for appellee Marotta, Gund, Budd & Dzera, LLC.
James W. Donchess and Donchess & Notinger, PC, on brief for appellee Steven M. Notinger.

June 16, 2008

**Per Curiam**.  This appeal involves a motion to intervene in an adversary proceeding arising out of a bankruptcy case.  A crisis management firm and other professionals provided services to the debtors while they were in chapter 11.  After the case was converted to chapter 7, those professionals submitted fee applications.  Appellant Pat Costa, a former director and officer of the debtors, objected thereto, accusing the professionals of malpractice and related misconduct.  As a creditor, Costa had standing to advance such objections as a basis for seeking denial (or disgorgement) of the requested fees.  But only the chapter 7 trustee had standing to bring a malpractice action for damages.  Recognizing this fact, and noting that disposition of the fee applications would bar a future malpractice action on res judicata grounds, the bankruptcy court sua sponte converted the contested matter into an adversary proceeding and designated the trustee as the plaintiff.  Costa was given a limited right of participation.  He nonetheless complained of his inability to prosecute a dispute that he had initiated and, in particular, protested that the trustee did not share his assessment of the professionals' performance.  Costa thus moved to intervene as a full party.  The bankruptcy court denied this motion, the district court affirmed, and Costa has now appealed to this court.

The appeal ends up foundering on procedural shoals. Nowhere in his lengthy pro se brief has Costa provided any

developed analysis of the intervention issue.  Instead, he purports to incorporate by reference arguments advanced by his counsel in district court--a practice that this court has repeatedly condemned.  Those arguments have thus been forfeited.  And particularly because Costa's various challenges to the denial of intervention would likely fail on the merits in any event, we see no reason to excuse his default.

"In an appeal from district court review of a bankruptcy court order, we independently review the bankruptcy court's decision ...." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994).  Costa asserts that, under Bank. R. 7024 (which adopts Fed. R. Civ. P. 24), he has satisfied the criteria for both permissive and mandatory intervention.  As to the former, the bankruptcy court cannot possibly be faulted for denying relief based on concerns about undue delay and expense, given that Costa had requested much more extensive discovery and a lengthier hearing than had the existing parties.  See, e.g., Daggett v. Comm'n on Gov. Ethics, 172 F.3d 104, 113 (1st Cir. 1999) (determining whether permissive intervention would cause disruption or delay "is the kind of judgment on which the district court's expertise and authority is at its zenith").  The appeal thus hinges on Costa's entitlement to intervene as of right.[1]

_____

[1]  As an alternative basis for relief, the bankruptcy court also found a violation of Rule 24(c), which requires that a motion to intervene "be accompanied by a pleading that sets out the claim

Rule 24(a)(2) sets forth four criteria for intervention as of right, which we have summarized as follows:

> A putative intervenor ... must show that (1) it timely moved to intervene; (2) it has an interest relating to the property or transaction that forms the basis of the ongoing suit; (3) the disposition of the action threatens to create a practical impediment to its ability to protect[] its interest; and (4) no existing party adequately represents its interests.

B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544-45 (1st Cir. 2006) (footnote omitted); accord, e.g., Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 64 (1st Cir. 2008). All four criteria--timeliness; sufficiency of interest; likelihood of impairment; and inadequacy of representation--must be met. See, e.g., Fernandez, 440 F.3d at 545. The bankruptcy court determined that Costa had satisfied neither the third nor the fourth, while the district court focused on the latter.

In district court, Costa filed a comprehensive opening brief (and reply brief) through counsel. In this court, where he appears pro se, he could have simply relied thereon. Instead, he elected to prepare new documents. His 30-page opening brief

---

or defense for which intervention is sought." Given the unusual circumstances involved here--particularly the fact that Costa's objection to the fee applications was designated as the operative complaint in the adversary proceeding--we find this a closer question, but one that need not be resolved.

- 4 -

contains two arguments, the longer of which is mostly inapposite.[2]
The other argument touches on the fourth Rule 24(a)(2) criterion,
but does so in cursory fashion only (and ignores the third one
altogether).  Costa there contends that the trustee, even before
being installed as plaintiff in the adversary proceeding, had
discounted the allegations of malpractice, had negotiated
settlements with the professionals involving minor fee reductions
in return for full releases,[3] and had been preparing a suit against
Costa for breach of fiduciary duties.  Under these circumstances,
he insists, it would be "astounding" to conclude that the trustee
would adequately represent his interests.  Costa then simply
states:

> I believe it is clear that the Bankruptcy
> laws and procedures allow me to intervene, and
> as the original filings clearly convey, both
> the Lower Court and District Court did not
> apply the law properly.  The result is a
> denial of my right to due process.
> (My intervention filings ... are attached
> as APPENDIX B.)

---

[2]  Costa there repeats his allegations of malpractice and fraud against the professionals; accuses the trustee and the bankruptcy court of covering up such misconduct; and complains about the procedural consequences of converting his fee objections into an adversary proceeding.

[3]  The trustee's motions for approval of those settlements were made part of the adversary proceeding.

The cited portion of his appendix contains his motion to intervene, the opening district court brief filed by counsel, and the pertinent court rulings.[4]

"[A]dopting by reference memoranda filed in the district court is a practice that has been consistently and roundly condemned by the Courts of Appeals." Gilday v. Callahan, 59 F.3d 257, 273 n.23 (1st Cir. 1995) (internal quotation marks omitted); accord, e.g., Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 452-53 (6th Cir. 2003) (collecting cases). Among other problems, advancing an argument in this fashion violates the requirement in Fed. R. App. P. 28(a)(9)(A) that a brief contain the party's contentions and reasoning, see, e.g., Rhode Island Dep't of Env. Mngmt. v. United States, 304 F.3d 31, 48 n.6 (1st Cir. 2002), and enables a party to circumvent the page/word limits in Fed. R. App. P. 32(a)(7), see, e.g., Exec. Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 67 (1st Cir. 1995).[5] This court

---

[4] In his reply brief in this court, Costa quotes at length from both of his district court briefs and includes copies thereof in an addendum. Yet "[a]rguments omitted from an opening brief on appeal ordinarily are deemed waived." Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 709 n.18 (1st Cir. 1996). Costa cannot claim ignorance of this rule inasmuch as appellees relied thereon in district court. See D.N.H. No. 06-412, Dkt. # 33, at 10.

[5] The practice also ignores the fact that the "posture and focus" of a case typically will have "changed substantially on appeal." Cray Comms., Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 396 n.6 (4th Cir. 1994). This is less of a concern here, since the district court was sitting in an appellate capacity.

ordinarily regards such an "incorporated by reference" argument as forfeited.  See, e.g., Sleeper Farms v. Agway, Inc., 506 F.3d 98, 104-05 (1st Cir. 2007), cert. denied, ___ S. Ct. ___, 2008 WL 310964 (2008); Rhode Island Dep't of Env. Mngmt, 304 F.3d at 48 n.6; Gilday, 59 F.3d at 273 n.23; Exec. Leasing Corp., 48 F.3d at 68. An appellant's pro se status provides no exemption.  See, e.g., Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Cofield v. First Wis. Trust Co., 1996 WL 521199, at *1 (1st Cir. 1996) (per curiam) (unpub.).  Costa, having been informed of this rule by appellees, has provided no reason why a different result should obtain here.

Nor are the substantive arguments advanced by Costa in district court so compelling as to suggest that a declaration of forfeiture would be unfair; in fact, quite to the contrary.  In attempting to establish inadequacy of representation, Costa has emphasized the contrast between his views and those of the trustee concerning the potential viability of the malpractice allegations. As mentioned, he has accused the professionals of gross misconduct, whereas the trustee has discounted those claims and reached settlements involving only minor reductions in fees.[6]  In an

---

[6] Only one professional--the crisis management firm--is involved in the instant appeal. Matters concerning the others were either resolved at the outset or handled in parallel proceedings that stopped short of an appeal to this court. The district court judge in the instant case specifically adopted the decision of another judge in a related case. We will treat that decision as the operative one here.

- 7 -

ordinary case, this would likely suffice--especially since an intervenor "[t]ypically ... need only make a 'minimal' showing that the representation afforded by a named party would prove inadequate."  Fernandez, 440 F.3d at 545 (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)); see, e.g., Conservation Law Found. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992) (finding inadequate representation where party agreed to consent decree imposing burdens unacceptable to intervenors).

Yet "where the intervenor's ultimate objective matches that of the named party, a rebuttable presumption of adequate representation applies."  Fernandez, 440 F.3d at 546.  And that presumption becomes especially robust where, as here, "an existing party is under a legal obligation to represent the interests asserted by the putative intervenor."  In re Thompson, 965 F.2d 1136, 1142 (1st Cir. 1992).  In that event, the applicant's burden "is at its most onerous" and requires a "compelling showing" of inadequacy.  Id. (internal quotation marks and emphasis deleted).  We explained in Thompson that, in this context, the applicant must assert "concrete facts" showing that the trustee is guilty of one of three things: adversity of interest, collusion, or nonfeasance.  Id. at 1143 (emphasis deleted).

We think that the bankruptcy court was likely justified in finding that Costa had failed to rebut this presumption.  In objecting to the fee applications and the proposed settlements,

Costa appeared as a creditor claiming an interest in the estate property.[7]  Because the trustee has a fiduciary obligation to represent the interests of creditors, see, e.g., Petitioning Creditors of Melon Produce, Inc. v. Braunstein, 112 F.3d 1232, 1240 (1st Cir. 1997), Costa's interests and those of the trustee are essentially in alignment.  To be sure, Costa has advanced a series of allegations accusing the trustee (and others) of collusion and cover-up and related misconduct.  But a court need only accept as true "the non-conclusory allegations made in support of an intervention motion."  Fernandez, 440 F.3d at 543 (internal quotation marks omitted).  We note that the bankruptcy court found "no specific allegations from which even the possibility of collusion may be inferred."  It also held that "Costa's disagreement with the Trustee's assessment of the benefits and risks of litigation and of the benefits to the estate of a compromise of professional fees is insufficient to meet [his] heavy burden."  We cannot say, based on our preliminary review, that these determinations are clearly misplaced.

Indeed, Costa's principal argument in this regard has been directed elsewhere. As mentioned, the bankruptcy court relied on Thompson to hold that the presumption of adequacy could only be rebutted by a showing of (1) adversity of interest, (2) collusion,

---

[7]  Costa holds general unsecured, priority unsecured, administrative priority unsecured, and secured claims against the estates.

or (3) nonfeasance.  We have since clarified that this trilogy of grounds is not "exclusive," Daggett, 172 F.3d at 111, but "only illustrative," Fernandez, 440 F.3d at 546.[8]  This means, according to Costa, that the bankruptcy court employed an erroneous legal standard.  But even assuming arguendo that he is correct,[9] we see little cause for concern.  Costa has failed to identify any other pertinent factors--beyond those comprising the Thompson trilogy--that if considered would have swung the balance in favor of intervention.  He has mentioned two others, neither of which seems particularly helpful.

First, Costa has voiced the concern that resolution of the fee applications might preclude him from pursuing personal claims (such as for tortious interference or fraud) against the

_____

[8]  These cases were not addressing Thompson (which was not mentioned), but rather Moosehead Sanitary Dist. v. S.G. Phillips Corp., 610 F.2d 49 (1st Cir. 1979)--where we stated that, if the would-be intervenor has the "same ultimate goal" as an existing party, it must "ordinarily" make one of the three showings to overcome the ensuing presumption of adequacy.  Id. at 54.  The concern was that such language could be mistakenly read to suggest "that only a limited number of 'cubbyholes' existed for claims of inadequate representation."  Mass. Food Assoc. v. Mass Alcohol Beverages Control Comm., 197 F.3d 560, 567 n.5 (1st Cir. 1999).

[9]  We note that the cases declaring the trilogy non-exclusive involved a slightly different situation.  The presumption of adequacy arose there because an existing party and the putative intervenor had the same ultimate goal, whereas it arises here because an existing party has a fiduciary duty to represent the interests of the putative intervenor.  As mentioned, it is in the latter situation that the burden of demonstrating inadequacy "is at its most onerous."  Thompson, 965 F.2d at 1142.

professionals in the future.  Yet the district court deemed this argument forfeited, since it was not raised in bankruptcy court, and in any event meritless, since the basis for any such preclusion was not explained.  Costa has not addressed either finding.

Second, Costa has pointed to the circumstances surrounding the conversion of the contested matter into an adversary proceeding.  He complains that, by means of this "discretionary" and unrequested step, the bankruptcy court removed him from "[his] own dispute" and thereby deprived him of "due process and appellate rights."[10]  Much of Costa's briefing, both below and on appeal, is devoted to this subject.  Yet the May 26, 2006 conversion order is not before us and has little direct bearing on the intervention issue.[11]  Costa has gone so far as to contend that, because of the case's unique procedural posture, it is questionable "whether the traditional intervention analysis is even appropriate."  We disagree that the remedy for any improper conversion would be to jettison or even relax the intervention

---

[10]  The parties appear to agree that, had the dispute remained a contested matter, Costa would have had standing to appeal from any adverse judgment, but that, once it became an adversary proceeding, his standing to do so depended on intervention.  Costa also complains of restrictions on his ability to obtain discovery and present evidence.  But it is not clear that intervention would have accorded him any greater latitude in those respects.  For example, he and the trustee were allotted the same amount of time to examine witnesses at the hearing.

[11]  The district court summarily rejected as "not persuasive" Costa's attempt to rely on the conversion order "as part of the reasoning supporting his motion to intervene."

criteria.  In fact, Costa has mentioned the possibility of filing an appeal to challenge the conversion order once the adversary proceeding has concluded.  Whether such a course would be procedurally feasible, and whether such a challenge would have any prospect of success, are matters as to which we express no opinion.

Based on the foregoing, we conclude that Costa has forfeited his appellate arguments and that no compelling reason exists to excuse his default.

Affirmed.